UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SKYLER WIERNIK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WORCESTER POLYTECHNIC INSTITUTE,<br><br>Defendant. | Case No.:<br><br>Removed from the Worcester County Superior Court, Case No. 2485CV01379 |

## NOTICE OF REMOVAL

Defendant Worcester Polytechnic Institute hereby removes this action currently pending in Worcester Superior Court to the United States District Court for the District of Massachusetts, on the grounds that this Court has original jurisdiction over this civil action pursuant to The Class Action Fairness Act. *See* 28 U.S.C. §§ 1332, 1441, and 1446.

## NATURE OF REMOVED ACTION

On September 18, 2024, Worcester Polytechnic Institute ("WPI") learned that material being used by WPI staff through a software application intended to provide restricted, staff-only access was inadvertently accessible to other WPI users. Upon learning this, WPI promptly applied access restrictions to the material, launched an internal investigation, and engaged third-party specialists to validate independently that no other access occurred and no exfiltration had occurred. On November 5, 2024, WPI provided notice of the incident to all individuals whose information was inadvertently made accessible.

On November 15, 2024, Plaintiff Skyler Wiernik, on his behalf and on behalf of all individuals impacted by the incident, filed a class action complaint against Worcester Polytechnic Institute in the Worcester Superior Court asserting claims of negligence, negligence

per se, and breach of implied contract. Plaintiff seeks compensatory damages, statutory damages and penalties, punitive damages, extensive injunctive relief, attorneys' fees, and an order directing Defendant to pay for not less than ten years of credit monitoring services for Plaintiff and the class. Plaintiff's Complaint in the State Court Action ("Complaint") is attached hereto as **Exhibit A**, and a true and correct copy of the state court docket and all process, pleadings, and orders served on WPI in the Superior Court Action is attached hereto as **Exhibit B**.

By removing this action from the Worcester Superior Court, WPI does not waive any defenses available to it, including, but not limited to, defenses based on personal jurisdiction, improper venue, and improper or lack of service of process. Likewise, by removing this action, WPI does not admit any of the allegations in Plaintiff's Complaint.

## GROUNDS FOR REMOVAL UNDER CAFA

The Class Action Fairness Act "provides for diversity jurisdiction over class actions and putative class actions where the class or proposed class has at least 100 members; the matter in controversy (after aggregating the individual claims) exceeds $5,000,000, exclusive of interest and costs; and there is minimal diversity between the proposed class of plaintiffs and defendants [meaning] [a]ny member of a class of plaintiffs is a citizen of a State different from any defendant[.]" *Corbin v. Salkovitz*, 2024 WL 4652481, at *3 (D. Mass. Nov. 1, 2024) (citing 28 U.S.C. §§ 1332(d)).

"[N]o antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Indeed, "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Id.*

2

Here, as set forth below, each of the CAFA requirements is met and removal is therefore proper.

### A. This case involves a class action.

CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

As set forth in the Complaint, Plaintiff seeks to represent a putative class pursuant to Rule 23 of the Massachusetts Rules of Civil Procedure, the Commonwealth of Massachusetts' analog to Federal Rule of Civil Procedure 23. (Ex. A, Compl. ¶¶ 92–105.) Thus, the first CAFA requirement is satisfied.

### B. There are more than 100 putative class members.

Plaintiff seeks to represent a putative class of "[a]ll persons whose Private Information was compromised" as a result of the Incident. (Ex. A, Compl. ¶ 94.). Plaintiff alleges that the incident impacted 6,691 individuals. (Ex. A, Compl. ¶ 97.) Thus, CAFA's 100-person requirement is satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

### C. Minimal diversity exists.

Under CAFA, diversity of citizenship exists where "**any member**" of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). For purposes of diversity, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. 1332(c). WPI is incorporated and has its principal place of business in Massachusetts. Thus, WPI is a citizen of Massachusetts.

WPI provided notice of the incident to 6,691 individuals whose information was inadvertently made accessible. Many of those individuals are not citizens of Massachusetts.[1] Thus, there is minimal diversity between WPI and members of the putative class. *See Premo v. Family Dollar Stores of Mass., Inc.*, 2014 WL 1330911, at *3 (D. Mass. Mar. 28, 2014) (minimal diversity requirement met because "at least one of the plaintiff class members now lives outside of Massachusetts and one of the Defendants, Family Store MA, is a citizen of Massachusetts").

      **D.**      **The amount in controversy is satisfied.**

To satisfy the amount-in-controversy for purposes of removal, defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 88−89. Pursuant to CAFA, the complaint must put in controversy more than $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2). The claims of the individual class members are aggregated for purposes of CAFA's amount-in-controversy requirement. *See* 28 U.S.C. § 1332(d)(6).

Although the Complaint does not specifically list the amount of damages Plaintiff and the putative class members seek in this action, the allegations make clear that the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

Plaintiff alleges that the class has suffered lost value of their personally identifiable information ("PII"), compromise and continuing publication of PII, unauthorized use of stolen PII, and out of pocket costs associated with prevention and remediation of identity theft. (Ex. A, Compl. 50.) Plaintiff further alleges that "stolen PII can be worth up to $1,000 depending on the

---

[1] *See* Compl. ¶ 3 (citing the Maine Attorney General website which explains that WPI notified 6,691 individuals about the incident and over 100 are citizens of Maine).

type of information obtained" and "out-of-pocket expenses [ ] can exceed thousands of dollars." (Ex. A, Compl. ¶¶ 51, 60.) Here, the putative class consists of 6,691 individuals. Thus, at minimum, Plaintiff is placing over $6 million in controversy. (6,691 x $1,000 = $6,691,000.) In addition to those compensatory damages, Plaintiff is also seeking "ten years of credit monitoring services for Plaintiff and the Class." (Ex. A, Compl., Prayer for Relief.) Such services are valuable, and courts have found similar claims to relief sufficient to satisfy the CAFA amount in controversy. See *Porras v. Sprouts Farmers Mkt., LLC*, 2016 WL 4051265, at *3 (C.D. Cal. July 25, 2016) (denying motion to remand on the grounds that years of credit monitoring for thousands of class members was included in the amount in controversy and therefore exceeded the $5 million threshold); *McLoughlin v. People's United Bank, Inc.*, 586 F. Supp. 2d 70, 73 (D. Conn. 2008) (same); *Fielder v. Penn Station, Inc.*, 2013 WL 1869618, at *2−3 (N.D. Ohio May 3, 2013) (same).

## **VENUE IS PROPER**

This Court is in the judicial district and division embracing the place where Plaintiff filed the Superior Court Action and where it is pending. Specifically, the United States District Court for the District of Massachusetts embraces Worcester Superior Court, Massachusetts. *See* 28 U.S.C. §§ 1441, 1446.

## **TIMELINESS OF REMOVAL**

Plaintiff alleges he served his Complaint on WPI on November 27, 2024. (Ex. B, Plaintiff's Notice of Proof of Service of Summons.) WPI filed this Notice less than thirty days later. Thus, removal is timely. *See* 28 U.S.C. § 1446(b); *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999).

**NOTICE**

As required by 28 U.S.C. § 1446(d), WPI is providing written notice of the filing of this Notice of Removal to Plaintiff and is filing on this day a copy of this Notice of Removal with the Clerk of the Worcester Superior Court.

    Respectfully submitted,

    **WORCESTER POLYTECHNIC INSTITUTE,**
    By its attorneys,

    /s/ *Victoria L Steinberg*
    Victoria L. Steinberg (BBO #666482)
    vsteinberg@clohertysteinberg.com
    Melanie Stallone (BBO #711658)
    mstallone@clohertysteinberg.com
    Cloherty & Steinberg LLP
    One Financial Center, Suite 1120
    Boston, MA 02111
    Tel: (617) 481-0160

    /s/ *Carey S. Busen*
    Carey S. Busen* (DC Bar #982217)
    cbusen@bakerlaw.com
    Gilbert S. Keteltas* (DC Bar #421236)
    gketeltas@bakerlaw.com
    Baker & Hostetler LLP
    1050 Connecticut Ave N.W., Suite 1100
    Washington, DC 20036
    Tel: (202) 861-1568

    (**pro hac vice motion forthcoming*)

Dated:  December 26, 2024

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 26, 2024, a true and correct copy of the foregoing document was served via email and U.S. mail upon counsel for the Plaintiff at the following address:

>John P. Kristensen
>KRISTENSEN LAW GROUP
>53 State Street, Suite 500
>Boston, MA 02109
>Telephone: (617) 913-0363
>john@kristensen.law

                                        /s/ *Victoria L. Steinberg*
                                        Victoria L. Steinberg